UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARTHUR RAY ROBINSON (#425796)**                             **CIVIL ACTION**

**VERSUS**

**SGT. WHEELER, ET AL.**                                     **NO. 07-0896-B-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 8, 2008.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARTHUR RAY ROBINSON (#425796)**                         **CIVIL ACTION**

**VERSUS**

**SGT. WHEELER, ET AL.**                                  **NO. 07-0896-B-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 13 and 21.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Wheeler, Warden Burl Cain, Asst. Warden Donald Davis, Col. Joseph Lamartinere and Lt.Col. Kevin Benjamin, complaining that the defendants violated his constitutional rights in March, 2004, through deliberate indifference to his serious medical needs, notably through forcing him to perform work which aggravated his medical condition and was unduly painful.  The plaintiff complains that, as a result, he suffered a severe asthma attack on an unspecified date and was refused prompt medical treatment for his complaint.

In the instant motion for summary judgment, the defendants assert, relying upon the affidavit of Tara Bonnette, the record of the plaintiff's administrative remedy proceedings, and the records of the plaintiff's state court challenge to the rejection of his administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to his claim.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, pursuant to well-established legal principles,

summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff attempted to commence an administrative grievance on or about June 7, 2004.  In this grievance, he sought to assert claims (1) that his medical duty status had been violated, (2) that as a result of this violation his medical condition had deteriorated, and (3) that he was not being provided with appropriate medical treatment for his condition.  This grievance was rejected by the prison administration because it contained "multiple complaints" in violation of prison rules.  The form rejecting this grievance specifically advised the plaintiff that he could resubmit his grievance in proper form or, if he disagreed with the rejection, could seek judicial review in state court.  The plaintiff apparently chose to proceed in state court and, after proceedings were held in that venue, the state district judge accepted the recommendation of the state court commissioner and rejected the plaintiff's claim upon a finding that the grievance did in fact contain multiple complaints.  The plaintiff then appealed this determination to both the Louisiana Court of Appeals for the First Circuit and to the Louisiana Supreme Court, both of which ruled against the plaintiff, with the latter court denying review on November 9, 2007.  It appears clear, therefore, that the plaintiff has never exhausted his administrative remedies relative to the claims asserted in this proceeding and that his lawsuit is therefore subject to dismissal for this reason.

Finally, in light of the Court's determination that this civil action is subject to dismissal for failure to exhaust administrative remedies, the Court need not address the substantive issues raised in the plaintiff's pending motion for summary judgment.

## RECOMMENDATION

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 13, be granted, dismissing the plaintiff's claims for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. It is further recommended that the plaintiff's motion for summary judgment, rec.doc.no. 21, be denied as moot.

Signed in chambers in Baton Rouge, Louisiana, September 8, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**